UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS WALDRON**, | ) | Case No. 1:07 CV 1916 |
| | ) | |
| Petitioner, | ) | Judge Lesley Wells |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **EDWIN C. VOORHIES, JR.**, | ) | (Regarding ECF #1) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Petitioner Douglas Waldron was convicted in the Cuyahoga County Court of Common Pleas
in July 1998 on two counts of rape involving a 12-year old minor and two counts of compelling
prostitution involving that same minor. Waldron was sentenced to 52 years to life. (Respondent's
Ex. 4)  He prevailed in *Waldron v Jackson*, 348 F. Supp. 2d 877 (N.D. Ohio 2004), to obtain a writ
of habeas corpus for either his release from prison or a delayed appeal from his conviction *in forma
pauperis* with court-appointed counsel. *Id.* at 890.  The State opted to grant leave for a delayed
appeal, and this  remedy has since been exhausted. See *State v. Waldron*, 2005 WL 2789447, 2005-
Ohio-5693 (Ohio App. 8 Dist), *appeal not allowed*, 108 Ohio St.3d 1512, 844 N.E.2d 356, 2006-
Ohio-1329 (Table 2006). On appeal Waldron argued that trial counsel had been ineffective by failing
to object to the admission of "other acts" evidence, the convictions were against the manifest weight
of the evidence, the trial court erred in sentencing him to 7 years on each count of compelling
prostitution, the trial court failed to make the required findings for imposing the maximum,
consecutive sentences, and that consecutive and maximum sentences were imposed in violation of
*Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  The state appellate
court overruled Waldron's first two assignments of error but agreed the trial court had erred in

1:07 CV 1916                                        2

sentencing. See *Waldron*, 2005 WL 2789447 at ¶¶ 29-33.   Following delayed appeal he was

resentenced to an aggregate term of 39 years to life, with 5 years of post-release control sanction.

(Exhibit 5 journalized April 4, 2006, see Ex. 6).


On June 27, 2007, Waldron filed the instant counseled petition for writ of habeas corpus

under 28 U.S.C. §2254, presenting the following sole ground for relief:

> **Ground for Relief No. 1**: A defendant is deprived of his Sixth Amendment right to
> effective assistance of counsel when counsel fails to object to the admission of
> prejudicial, inadmissible other-acts evidence at trial.

> (Doc. 1, Petition, p. 8 & Supporting Facts).

Respondent answered opposing the petition, and Waldron has briefed his issue in his traverse.

Waldron has waived raising his sentencing arguments and manifest weight of the evidence argument

on federal habeas corpus.


*Procedural history of ineffective assistance of counsel argument:*

Trial counsel lodged no objection to testimony from two minors on how the criminal

investigation of Waldron was initiated and Waldron's identification:

> {¶ 7} In late November, Waldron approached B.F. and K.F., two brothers who were
> twelve and fourteen years of age. Waldron handed each brother a scrap of paper with
> his name, address, and phone number and asked each brother if they wanted to make
> any money. Both B.F. and K.F. testified that they recognized Waldron's name, and
> further stated that they had heard about the sexual encounter between Waldron and
> E.L [the minor victim in the criminal prosecution].The brothers returned home and
> informed their grandmother about the encounter. The grandmother contacted the
> police, who responded to the residence. After speaking with the brothers and their
> grandmother, officers learned that Waldron had engaged in sexual contact with E.L.

> *State v. Waldron,*  2005 WL 2789447, ¶7. (And see Trial Tr. 287-304).

1:07 CV 1916                                                3

Waldron argued to the state appellate court that trial counsel had been constitutionally ineffective for not objecting to the foregoing testimony under the meter supplied by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d. 674 (1984). The state court disagreed reasoning:

{¶ 11} In his first assignment of error, Waldron argues that his trial counsel rendered ineffective assistance when he failed to object to the admission of "other acts" evidence. Specifically, Waldron argues that the testimony of B.F. and K.F. constituted impermissible "other acts" evidence that had an impact on the outcome of his trial. We disagree.

{¶ 12} In order to prevail on a claim for ineffective assistance of counsel, the defendant must show first, that counsel's performance was deficient, and second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland* at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Strickland* at 687.

{¶ 13} In determining whether counsel's performance fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley*, at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether counsel rendered effective assistance in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. *Id.*

{¶ 14} The ultimate question under this assigned error is whether the testimony constituted impermissible "other acts" evidence and whether such testimony prejudiced the outcome of Waldron's trial. We find the testimony offered by B.F. and K.F. clearly admissible to establish a plan pursuant to Evid.R. 404(B). Evid.R. 404(B) permits the introduction of evidence of "other acts" to prove a plan so long as the evidence is not used merely to prove the bad character of the person and that he acted in conformity therewith.

1:07 CV 1916                                4

{¶ 15} In the present case, the evidence established that in November 1997, Waldron approached E.L. and D.W. and asked them if they wanted to make money. Waldron then paid E.L. a sum of money for allowing him to perform fellatio on E.L. The evidence further established that later on that month, Waldron approached B.F. and K.F. and asked them if they wanted to make some money. Both acts involved victims of the same or similar age, the same month, and the same approach. Accordingly, the "other act" and the crime committed against E.L. shared the common plan to engage in sexual contact with young boys.

{¶ 16} Waldron's argument that the State of Ohio used this evidence to prove Waldron's bad character and that he acted in conformity therewith is without merit. The portions of the trial transcript cited to by Waldron in support of this argument involved the State of Ohio's closing arguments. The transcript reflects that the trial court clearly instructed the jury that closing arguments were not evidence to be considered during deliberation. Accordingly, Waldron did not suffer prejudice.

{¶ 17} Because B.F. and K.F. testified to admissible "other acts" evidence, Waldron cannot show either that his counsel performed deficiently, or that such deficient performance prejudiced his defense, depriving him of a fair trial. Therefore, his trial counsel did not render ineffective assistance.

{¶ 18} Waldron's first assignment of error is overruled.

*State v. Waldron*, 2005WL 2789447, ¶¶ 11-18.

The same argument was raised as a proposition of law to Ohio's Supreme Court, but dismissed as not involving any substantial constitutional question. (Ex.21).

***Analysis of Federal Claim:***

Federal habeas is "an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. U.S.*, 523 U.S. 614, 621, 118 S.Ct.1604, 140 L.Ed.2d 828 (1998), quoting *Reed v. Farley*, 592 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994). Federal habeas corpus review

1:07 CV 1916                                5

is conducted under congressionally circumscribed rules set out in §2254(d) which allow the writ to

be granted in situations where the state court decision is either "contrary to" or "an unreasonable

application" of clearly established federal law as set forth by the Supreme Court of the United States

or when there is an unreasonable determination of the facts.  The state appellate court decision did

refer to an appropriate decisional bases (*Strickland v. Washington*) from the Supreme Court which

is sufficient to trigger a presumption that "state courts know and follow the law."  *Woodford v.*

*Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002); and see *Bell v. Cone,* 535

U.S. 685, 698, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002).[1]  "§2254(d) requires that 'state court

decisions to be given the benefit of the doubt.'"  *Holland v. Jackson*, 542 U.S. 649, 654, 124 S.Ct.

2736, 2739, 159 L.Ed.2d 683 (2004), quoting *Visciotti*, 537 U.S. at 24, 123 S.Ct. at 360.


      Accordingly, since the state decision acknowledged the correct factors for adjudicating this

claim, this matter has progressed past the issue of whether the state court decision was "contrary to"

clearly established Federal law and Waldron must show an "unreasonable application" of clearly

established Federal law. See *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462, 162

L.Ed.2d 360 (2005);*Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000);

*Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003). The only

issue then is  whether "the state court considered the proper factors and reached a reasonable

---

[1] "We hold, therefore, that the state court correctly identified the principles announced in *Strickland* as those governing the analysis of respondent's claim. Consequently, we find no merit in respondent's contention that the state court's adjudication was contrary to our clearly established law. (citation omitted)"

*Bell v. Cone,*  535 U.S. at 698, 122 S.Ct. at 1852.

1:07 CV 1916                                          6

conclusion." See *Yarbrough v. Alvarado*, 541 U.S. 652, 669, 124 S.Ct. 2140, 2152, 158 L.Ed.2d 938 (2004).

The unreasonable application of Supreme Court precedent must, though, be "objectively" unreasonable. *Williams v. Taylor,* 529 U.S. at 409, 120 S.Ct. at 1521; *Wiggins, supra*, at 520-21. When the state court has rendered a decision applying the correct federal standard, the federal reviewing court  may not grant the writ in its "independent review of the legal question." *Lockyer v. Andrade*, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003). Waldron  must show that the state decision applied *Strickland*  to the facts of the case in an objectively unreasonable manner.  See *Rompilla*, 545. U.S. at 380, 125 S.Ct. at 2462;  *Bell v. Cone*, 535 U.S. 685, 698-99, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Williams v. Taylor*, 529 U.S. 362, 409- 410, 120 S.Ct. 1495, 1521-22, 146 L.Ed.2d. 389 (2000)("the most important point is that an unreasonable application of federal law is different from an incorrect application of federal law.").  Only when there has been an "unreasonable application" of clearly established federal law is the federal court free to resolve the claim independently. [2]

_____

[2] "Under AEDPA, a federal court may grant habeas relief, as relevant, only if the state court's "adjudication of [a] claim on the merits ... resulted in a decision that ... involved an unreasonable application" of the relevant law. When a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement set forth in § 2254(d)(1) is satisfied. A federal court must then resolve the claim without the deference AEDPA otherwise requires. See *Wiggins v. Smith,* 539 U.S. 510, 534, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (performing the analysis required under *Strickland's* second prong without deferring to the state court's decision because the state court's resolution of *Strickland's* first prong involved an unreasonable application of law); *id*., at 527-529, 123 S.Ct. 2527 (confirming that the state court's ultimate decision to reject the prisoner's ineffective-assistance-of-counsel claim was based on the first prong and not the second). See also *Williams, supra,* at 395-397, 120 S.Ct. 1495; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam)* (indicating that § 2254 does not preclude relief if either "the reasoning [or] the result of the state-court decision contradicts [our cases]")."

*Panetti v. Quarterman,* -U.S. -*,* 127 S.Ct. 2842, 2858 -2859 (2007)

1:07 CV 1916                                    7

        To sustain a violation of the constitutionally guaranteed Sixth Amendment right to counsel,

requires showing that counsel's performance was deficient, so that counsel was not functioning as

the "'counsel 'guaranteed the defendant by the Sixth Amendment,'" and secondly "that the deficient

performance prejudiced the defense;" so that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland v.*

*Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Williams v. Taylor*, 529

U.S. 362, 390-91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). "A reasonable probability is a

probability sufficient to undermine confidence in the outcome.' [*Strickland*], at 694, 104 S.Ct.

2052." *Wiggins v. Smith,* 539 U.S. at 534, 123 S.Ct. at 2542. The state decision in issue from the

state appellate court resolved both issues against Waldron. Waldron must establish that this

resolution of his arguments was an objectively unreasonable application of the *Strickland* meter.


        The "critical issue" though is prejudice.  Ultimately Waldron must demonstrate a reasonable

probability that, "but for alleged unprofessional conduct," the result of the proceedings would have

been different. *Ivory v. Jackson,*  509 F.3d 284, 294 (6th Cir. 2007); *Watson v. Marshall*, 784 F.2d

722,726 (6th Cir. 1985), citing *Strickland,* 466 U.S. at 697. "[A] court need not determine whether

counsel's performance was deficient before examining the prejudice suffered by the defendant as a

result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's

performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

prejudice, which we expect will often be so, that course should be followed." *Id.* The undersigned

will begin with an  examination of the initial *Strickland* issue of deficient performance, although its

resolution is not critical to the ultimate issue.

1:07 CV 1916                                      8

*No deficient performance:*

Waldron contended on delayed appeal in state court that the testimony of K.F. and B.F. constituted inadmissible "other acts" evidence prohibited under Ohio Evid. R. 404(B). (See Appellate Brief at 4-7, Ex. 14).The issue in Ohio is actually more complex because in rape cases, such as Waldron's, a trilogy of rules applies beginning with the state statute governing proof of motive [3], the state's version of Evid. R. 404(B) [4], and the state's rape shield statute. [5] See *Pennington v. Lazaroff*, 13 Fed. Appx. 228 (6th Cir. Apr. 3, 2001); *State v. Cotton*, 113 Ohio App.3d 125, 131,

---

[3] **2945.59 Proof of defendant's motive**

In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.


[4]

    **Evid. R. 404 (B) Other crimes, wrongs or acts**. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.


[5]

 Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value. **OHIO REV. CODE** § 2907.02(D)

1:07 CV 1916                                          9

680 N.E.2d 657, 661 (Ohio App. 1 Dist.,1996). Waldron raised his challenge to the state appellate

court under Ohio Evid. Rule 404(B) only.


        The state courts of Ohio have ruled,"[t]he admissibility of other-acts evidence is carefully

limited because of the substantial danger that the jury will convict the defendant solely because it

assumes that the defendant has a propensity to commit criminal acts, or deserves punishment

regardless of whether he or she committed the crimes charged in the indictment. See *State v. Schaim*

(1992), 65 Ohio St.3d 51, 59, 600 N.E.2d 661, 668." *State v. Cotton,* 113 Ohio App.3d at 131, 680

N.E.2d at 661. In general, in Ohio evidence of other acts is not admissible to show that the accused

is crime prone, or that he was convicted of an offense similar to the one in question. *State v. Burson*,

38 Ohio St. 2d 157, 158, 311 N.E.2d 526, 528, 67 O.O.2d 174 (1974); *State v. Curry*, 43 Ohio St.2d

66, 68, 330 N.E.2d 720, 723 72 O.O.2d 37 (1975). Relevant to the case at bar, the  judicial gloss

placed on the statutory terms under R.C. §2945.59 of "scheme, plan or system" has transferred into

the meaning of "plan" under Rule 404(B). See *State v Lowe*, 69 Ohio St.3d 527, 634 N.E.2d 616

(1994); *State v. Shedrick*, 61 Ohio St.3d 331, 574 N.E.2d 1065 (1991); *State v. Broom*, 40 Ohio

St.3d 277, 533 N.E.2d 682 (1988).  The Ohio Supreme Court has construed Evid. R. 404(B) and

R.C. 2945.59 as parallel provisions that should be read in conjunction with one another. *State v.

Clemons,* 94 Ohio App.3d 701, 641, N.E. 2d 778 ( Ohio App. 12 Dist. 1994), citing *State v. Broom,*

40 Ohio St.3d at 281-31, 533 N.E.23d at 689-90. "'Scheme, plan or system' evidence is relevant .

. . in . . . those situations in which the 'other acts' form part of the immediate background of the

alleged act which forms the foundation of the crime charged in the indictment. In such cases, it

would be virtually impossible to prove that the accused committed the crime charged without also

1:07 CV 1916                                        10

introducing evidence of the other acts. To be admissible pursuant to this sub-category of 'scheme, plan or system' evidence, the 'other acts' testimony must concern events which are inextricably related to the alleged criminal act." *State v. Curry,* 43 Ohio St.2d at 73, 330 N.E.2d at 725; and see *State v. Broom*, 40 Ohio St.3d at 282, 533 N.E. 2d at 690; *State v. Lowe*, 69 Ohio St.3d at 531, 634 N.E.2d at 619.

Clearly the testimonies from K.F. and B.F. were inextricably related to the indicted criminal acts. It would been virtually impossible to prove the crime charged without this evidence on the immediate background of the crime charged which led to the discovery of the crimes themselves and Waldron's "plan." By way of comparison in *State v. Miley*, 2006 WL 2589816, 2006-Ohio-4670 (Ohio App. 5 Dist), evidence of "other acts" from the accused's 10-year old conviction on five counts of gross sexual imposition with a minor, was held to be unrelated to the pending criminal charges involving unlawful sexual conduct with minors.

Trial counsel cannot be found "ineffective" for abstaining from a frivolous objection. See *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986), citing *United States v. Cronic*, 466 U.S. 648, 656-57 n. 19, 104 S.Ct. 2039, 2045-46 n.19, 80 L.Ed.2d 627 (1984). Consequently, the state decision finding that the "other acts" evidence was admissible under Ohio Evid. R. 404(B)'s exception for "plan," so trial counsel's performance was not deficient, was not an "unreasonable application" of *Strickland v. Washington*.

*No actual prejudice:*

1:07 CV 1916                                         11

Waldron does not focus his arguments on the critical second part of the *Strickland* meter -

prejudice. The state decision vaguely addressed the second *Strickland* prong, finding no prejudice

but with no explication. When a state court disposes of a constitutional claim but fails to articulate

its analysis an "intermediate approach" of federal scrutiny applies under 28 U.S.C. §2254(d).  See

*Maldonado v. Wilson*, 416 F.3d 470, 476 (6th Cir. 2005), *cert. denied*, 546 U.S. 1101 (2006);

*Howard, v. Bouchard*, 405 F.3d 405, 467-468 (6th Cir. 2005), *cert. denied*, 546 U.S. 1100 (2006).[6]


An independent review of the record establishes that there was overwhelming evidence of

guilt, which precludes Waldron from demonstrating a reasonable probability of a different outcome

notwithstanding counsel's substandard performance. See *Hicks v. Collins*, 384 F. 3d 204, 215 (6th

Cir. 2006); and see *Strickland v. Washington*  466 U.S. at 696, 104 S.Ct. at 2069 ("Moreover, a

verdict or conclusion only weakly supported by the record is more likely to have been affected by

errors than one with overwhelming record support.").

---

[6]

We have taken *an intermediate approach-in between de novo review and complete deference*. We have held that a federal habeas court must conduct an independent review of the record and applicable law to determine whether, under the AEDPA standard, the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir.2000) (citing *Aycox v. Lytle*, 196 F.3d 1174, 1177-78 (10th Cir.1999)).

The independent review, however, is not a full, de novo review of the claims. *Id.* As we held in *Harris*, the review remains deferential, because the court cannot grant relief unless the state court's result contradicts the strictures of AEDPA. *Id.*  (emphasis supplied).

*Howard v. Bouchard*, 405 F.3d at 467-468.

1:07 CV 1916                                   12

No witnesses were presented for the defense.  Trial strategy was to challenge the veracity of the victim and his friend based on inconsistencies on times the acts occurred and whether the friend sat in a wooden chair or in a reclining chair. (Closing Argument, Trial Tr. 374-387). Waldron inferred to the jury that the victim was exploiting Waldron for money. The theme was, "These are not young innocent children." (Tr. 385). Waldron did not persuade the jury that this prosecution was the product of blackmail by these "toughs," and gave the jury no evidence to support such finding. Assuming *arguendo* that trial counsel would have succeeded in suppressing  K.F. and B.F.'s testimonies by objection to this "other acts" evidence, there is not a reasonable probability that result of the proceeding would have been different.  See *Strickland v. Washington*, 466 U.S. at 694; *Williams v. Taylor*, 529 U.S. at 390-91; *Wiggins v. Smith,*  539 U.S. at 534. Certainly the presentation of the case would have been somewhat disjointed without this evidence, but there was no probability of overcoming the testimonies from the victim and his friend, as corroborated through the testimonies of the investigating police officers, that rapes and prostitution had occurred. Consequently, the state decision finding no prejudice under the critical second prong of *Strickland* was not an objectively unreasonable application of *Strickland.*


*Determination of the Facts under 28 U.S.C. §2254(d)(2):*

Waldron argues in traverse that the state appellate court made an "unreasonable determination of the facts in light of the evidence presented" that the testimonies from B.F and K.F. that there was a common plan with the victim' s testimony of money in exchange for sexual activity. See 28. U.S.C. §2254(d)(2).  This argument was not raised in the petition, nor in state court. Nonetheless, the sole claim for review concerning the Sixth Amendment right to effective assistance

1:07 CV 1916                                           13

of trial counsel falls on the lack of prejudice, so this new claim of unreasonable factual determination becomes moot.

### CONCLUSION AND RECOMMENDATION

Following review of the argument raised in the petition and applicable law, petitioner has not demonstrated that he was in custody pursuant to state court judgment that resulted from a decision that  involved in an "unreasonable application" of federal law as determined by the Supreme Court of the United States.  See 28 U.S.C. §2254(d)(1).  Further, there has been no demonstrated need for an evidentiary hearing and the petition for habeas corpus relief under 28 U.S.C. §2254 should be denied and dismissed.

s/James S. Gallas
_____
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  See, United States v. Walters, 638 F.2d 947 (6th Cir. 1981); Thomas v. Arn, 474 U.S. 140 (1985).

Dated: November 6, 2008